## WILLIAM COX *vs.* STEPHEN R. COOK.

One who had been illegally travelling on the Lord's day stopped at a hotel, left his horse, wagon and buffalo robe in charge of the landlord's servant, remained over night, and on Monday morning the robe could not be found. *Held,* that an action might be maintained for the conversion of the robe, after demand therefor.

TORT to recover for the conversion of a buffalo robe.

At the trial in the superior court, before *Putnam,* J., it appeared that the plaintiff, on a Sunday, drove to the defendant's hotel in Waltham, for a purpose not of necessity or charity, where, as he testified, he left his hired horse, wagon and buffalo robe in charge of the defendant's hostler, and remained at the hotel over night. The next morning he called for his team, and the robe could not be found. The defendant contended that it had not been brought with the horse and wagon; and this question of fact was submitted to the jury. The plaintiff afterwards paid the owner of the robe for the same, and then demanded it of the defendant.

The defendant contended that upon these facts the plaintiff could not maintain the action; but the judge ruled otherwise. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. D. Howe,* for the defendant. The plaintiff cannot maintain his action without showing an illegal act on his part. *Gregg* v. *Wyman,* 4 Cush. 323. He was travelling on the Lord's day, not from necessity or charity. His putting up at the hotel, and leaving his horse at the stable, were in violation of the statute. Gen. Sts. *c.* 84, § 2. The case does not show a conversion by the defendant. There was no appropriation of the robe by the defendant, nor destruction, nor claim of dominion, nor withholding under claim of title. 2 Greenl. Ev. § 642.

*G. A. Somerby,* for the plaintiff.

BIGELOW, C. J. We are at a loss to understand the grounds on which these exceptions rest. Treating the request of the defendant's counsel, for a ruling that the plaintiff's evidence was

insufficient to maintain the action, as in effect a motion for a nonsuit, the refusal to grant it was not open to exception. It is well settled that if a judge is of opinion that there is evidence to be considered by the jury and declines to order a nonsuit, no exception lies to such decision. *Wentworth* v. *Leonard*, 4 Cush. 414. *Manning* v. *Albee, ante,* 7.

But aside from this, we are clearly of opinion that the decision was right. There was one question of fact concerning which the parties were at issue; namely, whether the article in controversy had been in the possession of the defendant. This is explicitly stated in the exceptions, and it was a material question on which it was the exclusive province of the jury to pass. The exceptions do not state that there was any dispute on the point of conversion. The inference would rather seem to be that it was conceded by the parties that, if it was found that the defendant had received the robe into his possession, there was adequate proof of conversion. But whether this be so or not, we cannot doubt that there was evidence on the point proper for the consideration of the jury. A demand duly made by a person entitled to the property in a chattel and the immediate possession thereof, and a refusal to deliver it, whether manifested by words or by an omission to make any reply, is evidence which may warrant a jury in finding a conversion.

The point suggested by the defendant at the bar of this court, that the claim of the plaintiff could not be supported without showing a violation of the statute for the due observance of the Sabbath on his part, does not appear to have been raised in the court below. But, on the facts stated, we do not see that any such ground of defence was tenable. The claim of the plaintiff to the property did not necessarily require him to show in its support a violation of the Lord's day.

*Exceptions overruled.*